IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BUSPATROL AMERICA, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:18-CV-0991-D |
| | § | |
| AMERICAN TRAFFIC SOLUTIONS, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

# ORDER

Defendant's April 19, 2018 motion to dissolve state court *ex parte* temporary restraining order ("TRO") is granted, and the TRO entered by the state district court on April 17, 2018 is dissolved.

First, this court would not have granted a TRO *ex parte*.

Second, "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Wright*, 1993 WL 13044458, at *1 (N.D. Tex. June 15, 1993) (Fitzwater, J.). A TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief," and requires the party seeking such relief to establish the same four elements for obtaining a preliminary injunction. *Lee v. Verizon Commc'ns, Inc.*, 2012 WL 6089041, at *1 n.2 (N.D. Tex. Dec. 7, 2012) (Fitzwater, C.J.) (quoting *Hassani v. Napolitano*, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009) (Fitzwater, C.J.)). Therefore, plaintiff must establish four elements to obtain a TRO: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm to it if the TRO is not granted, (3) that the threatened harm outweighs any damage that the TRO might cause the opposing party, and (4) that the TRO will not disserve the public interest. *See, e.g., Jones v. Bush*, 122 F.Supp.2d 713, 718 (N.D.

Tex. 2000) (Fitzwater, J.) (addressing preliminary injunction standard) (citing *Ruscitto v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 777 F.Supp. 1349, 1353 (N.D. Tex. 1991) (Fitzwater, J.), *aff'd*, 948 F.2d 1286 (5th Cir.1991) (per curiam) (unpublished table decision)), *aff'd*, 244 F.3d 134 (5th Cir. 2000) (per curiam) (unpublished table decision).

"[T]his court has required that TRO applicants show that they face a substantial threat of irreparable harm between the time their TRO application is filed and when the court can address their preliminary injunction application." *Mktg. Investors Corp. v. New Millennium Bank*, 2011 WL 3157214, at *1 (N.D. Tex. July 26, 2011) (Fitzwater, C.J.).  Because plaintiff "has not shown that it faces a substantial threat of irreparable harm between the time its TRO application was filed and when the court can address its preliminary injunction application," *id.* at 2, the court concludes that plaintiff is not entitled to a TRO, and it dissolves the TRO entered by the state district court prior to removal.  The dissolution of the TRO does not suggest a view on the merits of plaintiff's preliminary injunction application, which will be addressed on a more complete evidentiary record and after additional briefing.

**SO ORDERED**.

April 23, 2018.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE